Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*and those similarly situated*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>THE INDEPENDENT ORDER OF FORESTERS,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 4:26-cv-00283-SDJ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff ADEAN HILL, JR. ("Plaintiff") brings this First Amended Class Action Complaint and Demand for Jury Trial against THE INDEPENDENT ORDER OF FORESTERS, a Fraternal Benefit Society ("Foresters" or "Defendant") to stop its illegal practice of making unauthorized calls that play artificial or prerecorded voice messages to the telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

2. The Independent Order of Foresters is a Fraternal Benefit Society that sells life insurance and related financial products. As part of its marketing efforts, Foresters places

prerecorded telemarketing calls to consumers' cellular telephones without obtaining prior express written consent.

3. In 2013, the FCC required prior express written consent for all prerecorded telemarketing calls to wireless numbers. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

4. Defendant did not obtain prior express written consent from Plaintiff or the Class and therefore is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. The TCPA is a remedial statute passed to protect consumers from unwanted automated telephone calls in response to complaints about increased telemarketing. *See* S. Rep. 102-178, at 1, 5 (1991).

6. Congress enacted the TCPA in 1991 to restrict telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically, but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2–3 (1991).

7. Despite such strong legislation, the same problem persists.

8. The TCPA targets unauthorized calls exactly like the ones alleged in this case.

9. By placing the calls at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Class.

10. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

11. Plaintiff ADEAN HILL, JR. is a natural person and citizen of the Eastern District of Texas.

12. Defendant THE INDEPENDENT ORDER OF FORESTERS is a Fraternal Benefit Society organized under the laws of Canada, with its principal place of business at 789 Don Mills Road, Toronto, Ontario, Canada M3C 1T9, and its U.S. mailing address at P.O. Box 179, Buffalo, NY 14201-0179. Foresters conducts substantial business in the United States, including in the State of Texas and in this District.

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

15. This Court has personal jurisdiction over Defendant because Defendant targeted consumers with its advertisements in Texas, including Plaintiff, who resides in this District. Defendant's marketing towards residents of Texas is the subject of this dispute from which this lawsuit arises.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case—telephone calls placed to residents of Texas—substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

17. Defendant The Independent Order of Foresters sells life insurance and related financial products, including its SMART Universal Life insurance product, to purchasers in the United States including in the State of Texas.

18. To generate leads and increase sales, Foresters places prerecorded telemarketing calls to consumers' cellular telephone numbers without obtaining their prior express written consent.

19. On February 9, 2026, at approximately 4:41 p.m., Foresters placed a call to Plaintiff's cellular telephone number ending in 3329 from the number 469-524-7913.

20. When Plaintiff's cellular telephone rang and Plaintiff answered, Plaintiff heard an artificial or prerecorded voice message advertising Foresters' life insurance products.

21. Plaintiff never provided prior express written consent—or any other legally sufficient consent—to receive prerecorded or artificial voice calls from Foresters on Plaintiff's cellular telephone.

22. Defendant did not maintain a written telemarketing policy as required by 16 C.F.R. § 310.4.

23. In addition to causing statutory damages, the illegal call(s) caused Plaintiff annoyance, intrusion on privacy and seclusion, and wasted Plaintiff's time.

## THEORIES OF LIABILITY AGAINST DEFENDANT

## DIRECT LIABILITY UNDER THE TCPA

24. Defendant's scheme involves the use of illegal prerecorded calls to promote its life insurance products.

25. Defendant is directly liable under the TCPA for calling Plaintiff's cellular telephone using an artificial or prerecorded voice without prior express written consent.

26. Defendant had a duty to exercise due care when placing phone calls marketing its products.

27. Defendant's violation of the TCPA is negligence per se.

28. Because of Defendant's negligence, Plaintiff suffered statutory and actual damage.

## CLASS ALLEGATIONS

29. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and the classes defined as follows:

    **TCPA Class**. All persons in the United States who: (1) from the last 4 years to the filing of this complaint (2) received at least one telephone call; (3) that used an artificial or prerecorded voice.

    **Texas Class**. All persons residing in Texas who (1) from the last 4 years to the filing of this complaint (2) received at least one telephone call; (3) that used an artificial or prerecorded voice.

    **Texas Registration Class**. All persons residing in Texas who (1) from the last 4 years to the filing of this complaint (2) received at least one telephone call from Defendant; (3) where Defendant did not hold a valid Texas Telemarketer Registration Certificate at the time of the call.

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

32. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendant placed calls to Plaintiff and the Class that used an artificial or prerecorded voice;

ii. Whether Defendant obtained prior express written consent;

iii. Whether Defendant maintains a written telemarketing policy;

iv. Whether Defendant's conduct was *willing* and/or *knowing*;

v. Whether the Court should treble damages based on the knowingness or willfulness of Defendant's conduct;

vi. Whether Defendant held a valid Texas Telemarketer Registration Certificate at the time of the calls at issue.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227(b)
Telephone Consumer Protection Act
Against Defendant
(On behalf of Plaintiff and the TCPA Class)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendant placed telephone calls to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

39. The calls were made for the express purpose of soliciting customers for life insurance sold by Defendant.

40. When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice message to their cellular phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, entitling them to recover $500 in civil damages for each violation and an injunction requiring Defendant to stop its illegal calling campaign under 47 U.S.C. § 227(b)(3)(B).

42. Defendant made the violating calls *willfully* and/or *knowingly* under 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff requests that the Court treble the award from $500 to $1,500 per violation under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

**SECOND CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 305.053
Texas State TCPA Law
(On behalf of Plaintiff and the Texas Class)

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. Texas Bus. & Com. Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication ...." Tex. Bus. & Com. Code § 305.053(a).

46. The elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

47. Plaintiff is entitled to an award of at least $500 in damages for each such violation under § 305.053(b)(1).

48. Plaintiff also requests the Court award treble damages based on Defendant's knowing and/or intentional violations under § 305.053(c)(1), for a total of up to $1,500 per call under this count.

49. Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing calls.

**THIRD CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 302.101
Failure to Obtain Texas Telemarketer Registration Certificate
(On behalf of Plaintiff and the Texas Registration Class)

50. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51. Texas Bus. & Com. Code § 302.101 requires that a seller "may not make a telephone solicitation ... to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

52. On information and belief, Defendant did not hold the required Texas Telemarketer Registration Certificate at the time it placed the February 9, 2026 call to Plaintiff.

53. Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50.

54. Plaintiff and the Class seek an award of $5,000 per violation.

55. Plaintiff seeks a permanent injunction requiring Defendant to cease placing telemarketing calls to residents of Texas without a valid registration certificate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ADEAN HILL, JR., individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate § 227(b) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 305.053;

E. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 302.101;

F. An order awarding $5,000 per violation under Texas Bus. & Com. Code § 302.101;

G. An order awarding trebled damages of $1,500 per violation under 47 U.S.C. § 227(b)(3) and § 305.053(c)(1);

H. An injunction requiring Defendant to cease all unlawful calls and otherwise protecting the interests of the Class under 47 U.S.C. § 227(b)(3)(A) and § 305.053(a)(1);

I. An award of damages, including punitive damages, and costs;

J. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 14, 2026

Respectfully submitted,

**JAVITCH LAW OFFICE**

By: /s/ Mark L. Javitch
Mark L. Javitch, Esq. (CA 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
Email: mark@javitchlawoffice.com

Attorney for Plaintiff *and the Putative Class*